IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

R. ALEXANDER ACOSTA, Secretary of Labor, )
   United States Department of Labor, )
                                                     )
          Plaintiff, )
                                                    )   No. 1:17-cv-330 (LMB/IDD)
v. )
                                                     )
DARLA PENA LOPEZ, et al., )
                                                     )
          Defendants.

## MEMORANDUM OPINION

### I. BACKGROUND

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on November 9, 2017 [Dkt. No. 15], which recommended that default judgment be entered against defendants Darla Pena Lopez ("Pena Lopez") and DP Technology Services, Inc. ("Company") (collectively, "defendants")[1] on all three counts in plaintiff's Complaint. See Report 10. The Report further recommended that plaintiff be awarded $68,308.11 in damages. Id. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived the right to appeal the substance of the Report and any judgment based on the Report. Id. On November 21, 2017, plaintiff filed a partial objection to the Report, in which he objected to the Report to the extent that it did not award the full relief requested in his Motion for Default Judgment. [Dkt. No. 16]. Specifically, plaintiff objected to

---

[1] Plaintiff R. Alexander Acosta ("plaintiff" or "Acosta"), the United States Secretary of Labor, joined DP Technology Services 401(k) Plan ("401(k) Plan"), DP Technology Services Group Health Plan ("Health Plan"), and DP Technology Services Contractors Plan ("Contractors Plan") (collectively, the "Plans") as party defendants under Fed. R. Civ. P. 19(a) "solely to assure that complete relief can be granted." Compl. [Dkt. No. 1] ¶ 11. Acosta has not moved for default judgment against these defendants, see Pl. Mot. [Dkt. No. 12] 1, and the magistrate judge has not recommended the entry of default judgment against these defendants, see Report 10.

the Report's recommendation that plaintiff not be awarded $5,808.03 in missing employee contributions to the 401(k) Plan; $3,799.52 in missing loan repayments to the 401(k) Plan; $1,295.50 in interest to the 401(k) Plan; $7,002.13 in interest to the Contractors Plan; and up to $7,550.00 to the Contractors Plan, $2,100.00 to the 401(k) Plan, and $3,900.00 to the Health Plan to cover the costs associated with appointing an independent fiduciary. Pl. Obj. 15-16. Defendants did not file any objection either to the Report or to plaintiff's objections.

## II. DISCUSSION

### A. Standard of Review

When a party files objections to a Report, "the court shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The Court has reviewed the Report, plaintiff's motion for default judgment, the case file, and plaintiff's partial objection to the Report and adopts the Report in part, with the exception that plaintiff will be awarded the full relief requested in its Motion.

### B. Analysis

The magistrate judge correctly determined that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it involves federal questions arising under the Employee Retirement Income Security Act of 1974 ("ERISA"). Report 2. The magistrate judge also correctly concluded that this Court has personal jurisdiction over defendants because Pena Lopez is a resident of Virginia and the Company transacts business in Virginia, id.; that venue is appropriate in this district under 29 U.S.C. § 1132(e)(2) because the Plans are administered within the Eastern District of Virginia, id. at 3; that plaintiff properly served defendants by serving Pena Lopez, in both her individual capacity and as the registered agent for the Company,

with a copy of the Summons and Complaint, id. at 3-4; and that defendants are in default because they have never responded in any way to this litigation, id. at 4.

The Court further finds that the magistrate judge correctly determined that plaintiff has pleaded the requirements for obtaining relief under ERISA. Specifically, plaintiff has adequately pleaded that the Plans are employee benefit plans within the meaning of 29 U.S.C. § 1002(3); that the Company has been the Plan Sponsor, Plan Administrator, and Named Fiduciary of the 401(k) Plan and the Health Plan and has been the Plan Administrator of the Contractors Plan since the Plans were established; that Pena Lopez is the Plan Trustee for each Plan; and that both defendants exercised authority or control in managing or disposing of the Plans' assets and had discretionary authority or responsibility in administering the Plans. Id. at 6. Therefore, the magistrate judge correctly found that plaintiff adequately pleaded that each defendant is a fiduciary of each Plan under 29 U.S.C. § 1002(21) and a party-in-interest under 29 U.S.C. § 1002(14)(A), (C). Id.

The Report properly found that plaintiff adequately pleaded that defendants failed to hold all assets of the 401(k) Plan and the Health Plan in trust, in violation of 29 U.S.C. § 1103(a), and that the Company deducted Health Plan insurance premiums from employee participants' paychecks between January and March 2014 but failed to remit payment to CareFirst BlueCross Blue Shield ("CareFirst"), the Plan's insurer, for those months, resulting in the retroactive cancellation of CareFirst's coverage as of December 31, 2013. Id. In addition, although not specifically addressed in the Report, plaintiff adequately pleaded and showed that between 2011 and 2014, the Company deducted "certain sums from the participants' pay for employee contributions and loan repayments to the 401(k) Plan but failed to remit them to the 401(k) Plan." Compl. ¶ 15.

The Report correctly indicates that plaintiff adequately pleaded that defendants failed to make the prevailing wage fringe benefit contributions to the Contractors Plan required by 41 U.S.C. § 6703 from June 2012 through March 2014, Report 8, and, as such, failed to appropriately hold the assets of the Plan in trust, in violation of 29 U.S.C. § 1103(a), see Pl. Mem. [Dkt. No. 12-1] 11. Additionally, the record supports holding Pena Lopez and the Company jointly and severally liable under 29 U.S.C. § 1109 because each knowingly participated in fiduciary breaches of the other. Report 9. Accordingly, the magistrate judge appropriately recommended that defendants be removed as fiduciaries of the Plans; that defendants be required to provide to plaintiff the books, documents, and records relating to the finances and administration of the Plans; and that an independent fiduciary be appointed to distribute the assets of the Contractors Plan. Id. In addition, although not specifically addressed by the Report, plaintiff's requests that an independent fiduciary be appointed to effectuate the distribution of any assets restored to the Health Plan and the 401(k) Plan, as well as his request for an order directing defendants to make an accounting to plaintiff and the independent fiduciary of all contributions to the Plans, including all transfers, payments, or expenses incurred or paid in connection with the Plans, and barring defendants from serving in a fiduciary capacity with respect to any employee benefit plan subject to ERISA should be granted. Pl. Mem. 13-15.

With respect to damages, the Report's conclusion that defendants owe $11,331.62 in unremitted premiums to the Health Plan; $20,621.85 in unpaid medical claims incurred by Health Plan participants when their coverage was retroactively canceled; and $36,354.64 in unpaid benefit contributions to the Contractors Plan is fully supported by the record, and defendants, who have defaulted, have not objected to any of these calculations. Report 7-8.

Plaintiff requested additional damages in the amount of $10,903.05 in unremitted employee contributions, loan repayments, and interest to the 401(k) Plan; $7,002.13 in interest on the unpaid Contractors Plan benefits; and the costs of the independent fiduciary to administer the three plans, up to $7,550.00 for the Contractors Plan, $2,100 for the 401(k) Plan, and $3,900 for the Health Plan. The magistrate judge recommended against awarding these damages, see id., and plaintiff has objected to the recommendation.

Although the Complaint did not allege a specific amount of money owed to the 401(k) Plan, it did allege a specific damages amount for unremitted Health Plan premiums and associated damages.[2] Relying on the general rule that "[w]hen a complaint demands a specific amount of damages," a "court may not award additional damages when rendering a default judgment against the defendant," the magistrate judge recommended against awarding the additional 401(k) Plan damages. Id. at 7 (quoting Precision Franchising LLC v. K-Squared, Inc., No. 1:11-cv-137, 2011 WL 4407936, at *6 (E.D. Va. Aug. 29, 2011), report and recommendation adopted, 2011 WL 4407562 (E.D. Va. Sept. 21, 2011)); see also Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

It is well-settled that when a complaint includes a specific dollar amount relating to a particular source of damages, a default judgment may not award additional damages related to that particular source. See In re Genesys Data Techs., Inc., 204 F.3d 124, 132 (4th Cir. 2000); Precision Franchising, 2011 WL 4407936, at *6 & n.4 (limiting plaintiff to the $378,443.30 in "Future Lost Profits" demanded in the Complaint rather than the $434,094.09 in Future Lost Profits calculated in a subsequent declaration). But when "a complaint demands a specific

---

[2] Both the unremitted 401(k) Plan contributions and the unremitted Health Plan premiums were covered by Count 1 of the Complaint.

amount of damages <u>and</u> unspecified additional amounts," courts have followed a "dizzying array" of approaches. In re Genesys Data Techs., 204 F.3d at 132-33. Compare Glaser v. Hagen, No. 1:14-cv-1726, 2016 WL 521454 (E.D. Va. Feb. 5, 2016), with Masterfile Corp. v. Dev. Partners, Inc., No. 1:10-cv-134, 2010 WL 3603611, at *5-*6 (E.D. Va. Aug. 16, 2010), report and recommendation adopted, 2010 WL 3603598 (E.D. Va. Sept. 7, 2010).

Although the Court recognizes that there is a split in approaches among the courts on this issue, allowing plaintiff to recover the damages related to the 401(k) Plan even though the amount was not specified in the Complaint better accords with the rationale of ERISA and Rule 54(c). ERISA is specifically designed to "protect" the "interest of participants in employee benefit plans and their beneficiaries" by "establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans." 29 U.S.C. § 1001(b). Plaintiff has appropriately pleaded in his Complaint that defendants withheld contributions for the 401(k) Plan from employees' paychecks but failed to remit those amounts to the Plan. Compl. ¶ 15. Allowing defendants to avoid restoring the lost amounts to the Plan because plaintiff failed to specify the damages amount in the Complaint would result in a loss to the Plan and the beneficiaries, in contravention of the purpose of ERISA.

Moreover, Rule 54(c) sets limits on the relief available in default judgments because it "would be fundamentally unfair to have the complaint lead [a] defendant to believe that only a certain" amount of relief was being requested and then, after the defendant chose not to appear based on that belief, "allow the court to give a different type of relief or a larger damage award." Trustees of the Nat'l Automatic Sprinkler Industry Welfare Fund v. Harvey, No. 15-521, 2016 WL 297425, at *5 (D. Md. Jan. 21, 2016) (alteration in original) (quoting 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2663 (3d ed. 1998)). The Complaint put

defendants on clear notice that plaintiff intended to seek an unliquidated amount of damages stemming from defendants' failure to properly remit payments to the 401(k) Plan. In this situation, where defendants are on notice of both the request for additional unspecified damages and the basis of that request—and where defendants themselves were presumably aware of the potential amount of damages because they are the ones who withheld the money from employees but failed to properly remit it—it accords with the purposes of Rule 54(c) to allow plaintiff to recover the damages even though they were not specified in the Complaint. Therefore, plaintiff is entitled to recover $10,903.05 in unremitted employee contributions, loan repayments, and interest to the 401(k) Plan. See Truppi Decl. [Dkt. No. 12-2] ¶ 2(f).

Plaintiff also requested, and the magistrate judge declined to award, $7,002.13 in interest on the unpaid Contractors Plan benefits. See Pl. Mem. 3; Truppi Decl. ¶¶ 2(k), 2(n). Plaintiff is entitled to receive prejudgment interest on the late contributions. See Harvey, 2016 WL 297425, at *6. Under 29 C.F.R. § 2510.3-102(d)(3)(ii), when an employer elects to extend the time to deposit withheld contributions more than twice in a single year, the employer must pay interest, calculated as the greater of the amount that would have been earned on the contributions had they been invested in the plan and the amount that would be due using the interest rate fixed by § 6621(a)(2) of the Internal Revenue Code ("IRC"). Based on this provision, plaintiff used the interest rate fixed by IRC § 6621(a)(2) to calculate interest on the unremitted contributions[3] and determined that defendants owed the Contractors Plan $7,002.13 in interest. Truppi Decl. ¶ 2(n).

Although the magistrate judge correctly concluded that "interest need not be specified in the complaint," the magistrate judge found that plaintiff "contradicted himself between his" brief

---

[3] Although the Court is not required to use this interest rate in an action brought under ERISA, defendants have not objected to the use of this interest rate and the Court finds it to be reasonable.

and the Truppi Declaration about whether the $7,002.13 solely represents lost opportunity costs or represents both lost opportunity costs and interest. Report 8. Although the brief and supporting declaration used slightly different terminology, compare Pl. Mem. 3 (describing "interest and lost opportunity costs in the amount of $7,002.13"), with Truppi Decl. ¶ 2(n) (describing "lost opportunity costs owed to the Contractors Plan ($7,002.13)"), plaintiff's Motion for Default Judgment made clear that the amount, whichever way it is described, was determined by calculating interest owed on the unremitted payments using the IRC § 6621(a)(2) interest rate, see Truppi Decl. ¶ 2(n). Because this rate is reasonable and prejudgment interest is required to make the Contractors Plan and its beneficiaries whole, plaintiff is entitled to recover the requested damages even though there was some variance in terminology throughout his filings.

Lastly, plaintiff requested recovery of up to $7,550.00 for the Contractors Plan, $2,100 for the 401(k) Plan, and $3,900 for the Health Plan to cover the costs of the independent fiduciary to administer the three plans. Contrary to the magistrate judge's conclusion that plaintiff could not recover these costs because he "failed to specify the costs of Metro Benefits' services as damages in his Complaint," Report 9, the Complaint did specifically request the costs of the independent fiduciary as damages, see Compl. 12 (requesting that the Court "[a]ppoint[] an independent fiduciary . . . with all costs to be borne by [Pena] Lopez and the Company"). Again, although the Complaint did not specify an amount for the costs of the independent fiduciary until the Motion for Default Judgment, plaintiff may receive damages that are not liquidated in the Complaint as long as the defendant has fair notice of the type and amount of the damages sought, as discussed above. Therefore, plaintiff is entitled to recover the costs of the independent fiduciary from defendants.

III. CONCLUSION

For the reasons stated above, plaintiff's objections to the Report and Recommendation will be sustained and his Motion for Default Judgment will be granted by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 21st day of December, 2017.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge